IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)**<br>1 Massachusetts Avenue, NW<br>Washington, DC  20001<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>**78,441 SQUARE FEET MORE OR LESS OF LAND AND IMPROVEMENTS**<br>located at 260 Twelfth Avenue<br>New York, NY  10001<br><br>and<br><br>**260 TWELFTH AVENUE HOLDINGS LLC**<br>c/o The Georgetown Company<br>500 Park Avenue, 10th Floor<br>New York, NY  10022<br><br>and<br><br>**JPMORGAN CHASE BANK, NA**<br>237 Park Avenue, 6th Floor<br>New York, NY  10017<br><br>and<br><br>**UNKNOWN OTHERS**<br><br>　　　　DEFENDANTS. | *<br><br>*<br><br><br>*<br><br>*<br><br><br>*<br><br>*<br><br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | CIVIL ACTION NO. _____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

91675.1

## COMPLAINT FOR CONDEMNATION

NOW COMES Plaintiff, National Railroad Passenger Corporation, also known as Amtrak ("Amtrak"), pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1, and files this Complaint for condemnation of one land parcel ("Parcel"), consisting of 78,441 square feet more or less, any and all improvements thereon, if any, and any and all rights and interests relating to the Parcel held by 260 Twelfth Avenue Holdings LLC, a/k/a Block 675, Lot 1, as said parcel is shown on the current Tax Map of the Borough of Manhattan, City and State of New York, against the Defendants listed above, record owners and interested parties, and respectfully sets forth the following:

**I.     PARTIES, JURISDICTION AND VENUE**

1. Amtrak is authorized under federal law, specifically 49 U.S.C. § 24311, to acquire through eminent domain interests in property necessary for intercity rail passenger transportation.

2. The United States District Court for the Southern District of New York has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the authority for Amtrak to acquire an interest in property by eminent domain arises under the laws of the United States.

3. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1349 because a majority of Amtrak's stock is owned by the United States.

4. Amtrak is a corporation authorized to be created by the Rail Passenger Service Act, currently set forth at 49 U.S.C. § 24101 *et seq.* Amtrak's principal place of business is 1 Massachusetts Avenue, NW, Washington, DC 20001.

4824-7937-6355, v. 2

5.  Upon information and belief, 260 Twelfth Avenue Holdings LLC is a limited liability company organized under the laws of Delaware with its principal place of business at c/o The Georgetown Company, 500 Park Avenue, 10th Floor, New York, NY 10022.

6.  Upon information and belief, 260 Twelfth Avenue Holdings LLC is the owner in fee simple of the Parcel, located at 260 Twelfth Avenue, New York, NY 10001, a/k/a Block 675, Lot 1, as said parcel is shown on the current Tax Map of the Borough of Manhattan, City and State of New York, pursuant to a deed between C/S Twelfth Avenue LLC and 260 Twelfth Avenue Holdings LLC, dated October 15, 2009, and recorded on October 23, 2009 among the land records of the City of New York with Instrument (CFRN) No. 2009000347067, a true and accurate copy of which is attached as Exhibit A.

7.  Upon information and belief, JPMorgan Chase Bank, NA is a national banking association with a principal place of business at 237 Park Avenue, 6th Floor, New York, New York 10017.

8.  Upon information and belief, JP Morgan Chase Bank, N.A. is the mortgagee in the fee simple of the Parcel, located at 260 Twelfth Avenue, New York, NY 10001, pursuant to a mortgage between 260 Twelfth Avenue Holdings LLC and JP Morgan Chase Bank, N.A. dated December 23, 2019 and recorded on January 8, 2020 among the land records of the City of New York with Instrument (CFRN) No. 2020010300805001002E7D62 ("Mortgage"), a true and accurate copy of the mortgage is attached as Exhibit B.

9.  Venue in the United States District Court for the Southern District of New York is proper pursuant to 49 U.S.C. §24311(b), which requires that actions brought by Amtrak to acquire interests in real property must be brought in the United States District Court for the

judicial district in which the property is located.  The Subject Property is located in the Southern District of New York.

10.  In addition to 260 Twelfth Avenue Holdings LLC and JP Morgan Chase Bank, N.A. named in the Complaint as Defendants, there may be others who have, or may claim, some interest in the Parcel and whose names are unknown and not reasonably ascertainable by Amtrak at this time.  Such persons or entities are made prospective parties to this action under the designation of "Unknown Others" as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

11.  Amtrak hereby exercises its power of eminent domain pursuant to 49 U.S.C. § 24311(a)(2) having been unable to acquire the Parcel either by contract or by agreement with 260 Twelfth Avenue Holdings LLC for a purchase upon an agreed upon price.

12.  Amtrak has complied with all of the requirements of 49 U.S.C. § 24311 *et seq.*, entitling it to exercise its right of condemnation to acquire the Parcel.

## II.  THE PARCEL IS NECESSARY FOR INTERCITY RAIL PASSENGER TRANSPORTATION

13.  Acquisition of the Parcel is necessary for intercity rail passenger transportation within the Northeast Corridor ("NEC").  Acquisition of the Parcel is a necessary element of the Hudson Tunnel Project ("Project"), which is part of the Gateway Program.  The Project consists of the construction of a new rail tunnel under the Hudson River, including railroad infrastructure in New Jersey and New York connecting the new rail tunnel to the existing NEC, and rehabilitation of the existing NEC tunnel, known as the North River Tunnel, beneath the Hudson River.

14.  The NEC is the most heavily used passenger rail line in the United States both in terms of ridership and service frequency.  The NEC extends from Washington, D.C. in the south to Boston, Massachusetts in the north, serving the densely populated Northeast region, including

New York City's Pennsylvania Station ("Penn Station"). Amtrak operates over the entire NEC providing regional service, long distance service and high-speed Acela Express service. Amtrak owns the majority of the NEC, including the portion in New Jersey and the North River Tunnel.

15. The Project's purpose is to preserve the current functionality of Amtrak's NEC's Hudson River passenger rail crossing between New Jersey and New York by repairing the deteriorating North River Tunnel and strengthening the NEC's resiliency to support reliable service by, among other things, providing redundant capability under the Hudson River for Amtrak NEC trains between New Jersey and Penn Station.

16. The existing two-track North River Tunnel is currently operating at its full peak period capacity. The tunnel is in poor condition as a result of damage caused by Superstorm Sandy in October 2012 and has required emergency maintenance. Despite the ongoing maintenance, the storm damage continues to degrade systems in the tunnel that can only be addressed through a comprehensive reconstruction of the tunnel. With the current lack of redundant capability across the Hudson River into Penn Station, any service outage could substantially reduce or suspend rail service disrupting service for hundreds of thousands of passengers. Because of the importance of the North River Tunnel to essential commuter and intercity rail service between New Jersey and Penn Station, rehabilitation of the North River Tunnel needs to be accomplished without notable reductions in weekday service, and redundant capability must be provided in order to allow for future maintenance without significant service disruption.

17. Acquisition of the Parcel in fee is necessary in furtherance of the Project as the new tunnel will be located below grade at the Parcel, and a ventilation shaft and above-grade fan plant will be constructed on the Parcel in connection therewith along with an emergency egress.

4824-7937-6355, v. 2

Further, it is necessary that the Parcel be acquired in fee in order to ensure that the new tunnel, ventilation shaft, fan plant, and emergency egress are protected from development on the Parcel that may pose a danger to these facilities. Additionally, the Parcel is necessary for construction staging activities in connection with construction of the tunnel, ventilation shaft, fan plant, and emergency egress.

## III. DESCRIPTION OF THE PARCEL

18. The Parcel is described in the survey attached hereto as Exhibit C. The survey provides the following legal description of the Parcel:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF WEST 30TH STREET AND THE EASTERLY SIDE OF TWELFTH AVENUE;

1. RUNNING THENCE SOUTHERLY ALONG THE EASTERLY SIDE OF TWELFTH AVENUE, 127 FEET 8 INCHES TO AN ANGLE POINT THEREIN;

2. RUNNING THENCE SOUTHERLY STILL ALONG THE EASTERLY SIDE OF TWELFTH AVENUE, 71 FEET 7 3/4 INCHES TO THE NORTHERLY SIDE OF WEST 29TH STREET;

3. RUNNING THENCE EASTERLY ALONG THE NORTHERLY SIDE OF WEST 29TH STREET, 259 FEET TO A POINT DISTANT 525 FEET WESTERLY FROM ELEVENTH AVENUE;

4. RUNNING THENCE NORTHERLY PARALLEL WITH ELEVENTH AVENUE, 98 FEET 9 INCHES TO THE CENTER LINE OF THE BLOCK;

5. RUNNING THENCE EASTERLY ALONG SAID CENTER LINE OF THE BLOCK, 250 FEET;

6. RUNNING THENCE NORTHERLY PARALLEL WITH ELEVENTH AVENUE, 98 FEET 9 INCHES TO THE SOUTHERLY SIDE OF WEST 30TH STREET; AND

7. RUNNING THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF WEST 30TH STREET, 525 FEET TO THE POINT OR PLACE OF BEGINNING.

19. The acquisition by condemnation of the Parcel shall be in fee simple and shall include any and all rights that run with the Parcel, except for any rights and/or interests in the Parcel held by the Port Authority of New York and New Jersey ("Port Authority") pursuant to the Permanent Easement and Declaration of Restrictive Covenants, dated September 3, 2010, and recorded on September 8, 2010, among the land records of the City of New York with Instrument (CFRN) No. 2010000301653, a true and accurate copy of which is attached as Exhibit D ("PE").

20. Any and all secured interests and rights in the Parcel, including the interests and rights of JPMorgan Chase Bank, NA pursuant to the Mortgage, and except as expressly excluded above, are terminated and extinguished by operation of law through this eminent domain proceeding.

IV.   **STATEMENT OF INTEREST IN PROPERTY TAKEN**

21. Amtrak will be filing a Declaration of Taking and depositing the money estimated as just compensation as described in Paragraph 22 hereof. Upon such filing and deposit, Amtrak will be vested with title to the Parcel in fee simple absolute pursuant to 49 U.S.C. § 24311(b)(2) subject to the PE.

### V.  STATEMENT OF MONEY ESTIMATED FOR JUST COMPENSATION

22. At or about the time of the filing of this action, Amtrak will be depositing into the Court the amount which it estimates to be just compensation for fee title to the Parcel taken pursuant to 49 U.S.C. § 24311(b)(1)-(b)(2), namely Three Hundred Fifty One Million Dollars and No Cents ($351,000,000) (the "Deposit"), which is a prerequisite to the filing of a Declaration of Taking and the vesting of title of the Parcel in Amtrak.

23. Amtrak has obtained from a licensed real estate appraiser a valuation of the estimated just compensation for the Parcel.

24. The licensed real estate appraiser ascertained that the fair market value of the Parcel is Three Hundred Fifty One Million Dollars and No Cents ($351,000,000).

25. Prior to the date of the filing of this Complaint, Amtrak attempted in good faith to negotiate a purchase price for the Parcel with 260 Twelfth Avenue Holdings LLC pursuant to 49 U.S.C. § 24311(a)(2).

26. Amtrak offered to purchase the Parcel for a sum of Three Hundred Fifty One Million Dollars and No Cents ($351,000,000) (the "Offer"), which is the amount that Amtrak is depositing into this Court.

27. 260 Twelfth Avenue Holdings LLC rejected the Offer to acquire the Parcel.

28. Negotiations for a purchase of the Parcel by consent were unsuccessful.

29. Pursuant to 49 U.S.C. § 24311(b)(3), this Court shall make a finding on the amount that is just compensation for the fee interest taken in the Parcel.

### VI.  POSSESSION OF THE PARCEL

30. Pursuant to 49 U.S.C. § 24311(b)(2), this Court may decide "the time by which, and the terms under which, possession of the property is given to Amtrak".  Amtrak seeks immediate access to the Parcel in order to commence construction staging activities.

4824-7937-6355, v. 2

## VII.    OUTSTANDING CHARGES

31.    Pursuant to 49 U.S.C. §24311(b)(2), upon the filing of the Declaration of Taking, this Court is authorized to decide the disposition of outstanding charges related to the Parcel.

32.    Amtrak seeks the disposition of all such outstanding charges, if any, and requests that such charges be disposed of by imposing them on 260 Twelfth Avenue Holdings LLC.

WHEREFORE, Plaintiff National Railroad Passenger Corporation, also known as Amtrak, respectfully prays for judgment that the Parcel be and is condemned subject to the PE; that Amtrak be granted a fee simple interest in the Parcel subject to the PE, and that the Court grant such other relief as may be just, including but not limited to an order fixing the value of the interest in the Parcel condemned, the time and terms for Amtrak's possession of the Parcel, and an order disposing of any outstanding charges thereon.

Respectfully submitted,

COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION

Kenneth J. Applebaum
Judith Z. Katz
Adam H. Brodsky
APPLEBAUM KATZ BRODSKY PLLC
112 West 34th Street, 18th Floor
New York, NY  10120
Telephone:  (929) 352-1954
kapplebaum@akbpllc.com
jkatz@akbpllc.com
abrodsky@akbpllc.com

4824-7937-6355, v. 2