USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/04/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

                            Plaintiff,

          -against-

78,441 SQUARE FEET MORE OR LESS OF
LAND AND IMPROVEMENTS, 260 TWELFTH
AVENUE HOLDINGS LLC, JPMORGAN
CHASE BANK, NA, and UNKNOWN OTHERS,

                            Defendants.

No. 1:21-CV-05810 (VEC)

---

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

### I. PURPOSES AND LIMITATIONS

This Protective Order (the "Order") is being entered into to facilitate the production, exchange, and discovery of confidential documents and information.  This Order shall govern the handling of Discovery Material produced in this Action (as defined below).

### II. DEFINITIONS

    A.    <u>Action</u>: the litigation listed in the above caption.

    B.    <u>Party or Parties</u>: any party to the Action, including all of its officers, directors, and employees.

    C.    <u>Non-Party</u>: any entity that is not a named party to the Action.

    D.    <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to

admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

  E. <u>Confidential Material</u>:  any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that it in good faith believes contains (1) commercial or business information, including, but not limited to, information concerning, relating, or reflecting commercially sensitive information and communications, any proprietary business information, trade secret, or any other confidential or proprietary information; or (2) non-public personal, client, or customer information concerning individuals or other entities (including, but not limited to, names, Social Security numbers, home telephone numbers and addresses, tax returns, and medical, investment, credit, and banking information).

  F. <u>Producing Party</u>:  any Party or Non-Party that produces Discovery Material in the Action.

  G. <u>Receiving Party</u>:  any Party or Non-Party that receives Discovery Material from a Producing Party.

  H. <u>Designating Party</u>:  any Party or Non-Party that designates Discovery Material as "Confidential."

  I. <u>Outside Counsel</u>:  attorneys, along with their paralegals and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party.

  J. <u>In-House Legal Personnel</u>:  attorneys and other personnel employed by a Party to perform legal functions who are directly involved in the prosecution or defense of the Action for the Party.

K. <u>Counsel (without qualifier)</u>: Any Outside Counsel and In-House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

L. <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party, or its Counsel, to serve as a testifying or consulting expert, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant.

M. <u>Non-Party LLCs</u>: Georgetown 30th Street LLC and The Georgetown Company, LLC, including but not limited to, as applicable, each of these entities' members, trustees, officers, managers, directors, employees, advisors, Consultants and Counsel.

N. <u>Trust</u>: The Trust F/B/O Mary S. Cronson U/W/O Evelyn Sharp, including but not limited to, as applicable, members, trustees, officers, managers, directors, employees, advisors, Consultants and Counsel.

O. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

**III.   SCOPE**

The protections conferred by this Order cover not only Confidential Material (as defined above), but also any information copied or extracted therefrom; as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Confidential Material. However, this Order shall not be

construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-Counsel, created in anticipation of or in connection with the Action.

IV. **DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or until the Court orders otherwise.

V. **DESIGNATING CONFIDENTIAL MATERIAL**

A. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated by the Parties, any Party may designate as "Confidential" any Discovery Material, or any portion thereof:

1. Parties and Non-Parties may designate as Confidential documents they produce and written discovery information, including, but not limited to, interrogatory answers, responses to requests for admission, letters and the information contained therein. Such Confidential designation shall be made either by notation as "Confidential" on the face of the document or, in the case of native files where such notation is impractical, by notation in the filename and/or metadata . If documents are inadvertently not designated as Confidential Material, a Party or the Producing Party may designate such documents as Confidential Material by notifying Counsel for each Party in writing of those documents which are to be stamped or otherwise treated as Confidential Material at any time up to fourteen (14) calendar days after actual receipt of copies of those documents by Counsel for the Receiving Party. Prior to the expiration of that 14-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Confidential Material.

2. In the case of testimony, "Confidential" designation shall be made by notifying Counsel for each Party either by statement on the record of the deposition or in

4

writing at any time up to fourteen (14) calendar days after the transcript is made available to the Designating Party. Prior to the expiration of that 14-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Confidential Material. Notwithstanding the preceding language in this paragraph, in the event that (i) a document produced and designated by a Party or Non- Party as "Confidential" is used as an exhibit in a deposition and (ii) Counsel for the Party or Non-Party is not present at the deposition, the Parties agree that the exhibit remains designated "Confidential" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "Confidential," as is required in this paragraph.

3. In the case of reports created by an expert or consultant relying on or incorporating Confidential Material in whole or in part, designation shall be made by the Party responsible for its creation by notation on the report as "Confidential."

B. <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Confidential Material and should have been designated as Confidential Material, the Producing Party may inform the Receiving Party in writing within a reasonable time after its discovery, or, if on the record at a deposition, court hearing, or trial, orally. If the designation of information as Confidential is made orally, the party making the designation shall memorialize the designation in writing within fourteen (14) business days. The Receiving Party shall thereafter treat the information as Confidential Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. In addition, to the extent such

information may have been disclosed by the Receiving Party to anyone not authorized to receive Confidential Material pursuant to this Order, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure within a reasonable time after discovery shall not constitute a waiver of any designation as Confidential Material or an admission by the Producing Party that such information is not Confidential Material.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   <u>Notice</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. In the event a Party objects to another Party's or Non-Party's designation of material as Confidential, it shall specify in writing to the Designating Party those materials or categories of materials it contends should not be designated as Confidential ("Disputed Documents") and the basis for such contention. The Parties will meet and confer within fourteen (14) days of notice of the dispute to attempt to resolve all Disputed Documents.

B.   <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute concerning a confidentiality designation during the meet and confer process set forth in Section VI.A, above, the Party challenging the designation must seek relief from the Court within fourteen (14) calendar days of impasse. In any judicial proceeding concerning a disputed confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's

designation. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fourteen (14) calendar days of the ruling.

VII.   **ACCESS TO AND USE OF DISCOVERY MATERIAL**

    A.   Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of the Action, each Receiving Party must comply with the provisions of Section X, below.

    B.   Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website or other internet-based document repository with adequate security shall be deemed a secure location.

    C.   <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Confidential Material may be disclosed only to the following persons:

        1.   the Receiving Party, including current members, trustees, officers, directors, employees, advisors, Consultants and Counsel;

        2.   the Receiving Party's Counsel;

        3.   any other Parties to the Action and their Counsel, including current members, trustees, officers, directors, employees, advisors, Consultants and Counsel;

        4.   The Non-Party LLCs and the Trust, including current members, trustees, officers, managers, directors, employees, advisors, Consultants and Counsel;

5. former members, trustees, officers, managers, directors, employees, advisors, Consultants and Counsel of the Parties and the Non-Party LLCs and the Trust who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6. Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that a report created by such expert or consultant incorporating Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Confidential Material to their competitive advantage;

7. the Court and its personnel, subject to the requirements of Section IX, below;

8. special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9. court reporters and/or videographers, their staffs, and Professional Vendors;

10. with respect to a document, the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document;

11. Non-Party deponents or persons who have been identified on the trial witness list of any Party in the Action, and their Counsel who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

12. any other person agreed to by the Designating Party in writing; and

13. any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section XIV below.

D. <u>Retention of Exhibit A</u>: Outside Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for the duration of the Action, including any appeals, and shall make them available to other Parties upon good cause shown.

VIII. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as reasonably practicable, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A). The Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Material.

IX. **FILING CONFIDENTIAL MATERIAL**

A. In the event that, before trial in the Action, or in connection with any hearing in or any matter relating to the Action, Counsel for any Party or Non-Party determines to file or otherwise submit to the Court or file on ECF any other Designating Party's Confidential Material, the Party or Non-Party seeking to file or otherwise submit Confidential Material (the "Filing Party") shall meet and confer with the Designating Party concerning whether such documents or portions thereof containing or making reference to such Confidential Material should be filed

under seal. At that time, the Designating Party and the Filing Party may (1) agree that the Confidential Material need not be filed under seal, or (2) require that the Confidential Material be filed under seal, in which case the Designating Party shall work with the Filing Party and the other Parties, as applicable, to file a motion to file the Confidential Material under seal.

B. Any such motion to file under seal shall be made in accordance the rules of this Court, including Section 5 of this Court's Individual Rules and Practices in Civil Cases. If leave is granted, the Filing Party shall file such documents or portions thereof under seal, accompanied by a separately filed, unsealed version that redacts only the Confidential Material. To the extent not inconsistent with the rules of this Court, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.

X. **FINAL DISPOSITION**

A. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of the Action, including any appeals, each Receiving Party shall undertake reasonable efforts to return to the Producing Party all Confidential Material or to destroy all Confidential Material, if destruction of such Confidential Material is administratively easier and more cost-effective than returning the Confidential Material. In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has taken reasonable efforts to destroy or return the Confidential Material. Information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.

B. Notwithstanding Section X.A, as to Confidential Material that constitutes Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto,

legal memoranda, and correspondence that were served in the Action, or filed with a court, Counsel may retain such documents, even if such materials contain Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material.

      C.      This Order shall survive the termination of the Action, and the Court shall have continuing jurisdiction for enforcement of its provisions following termination of the Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Outside Counsel of record for each Designating Party or by an Order of the Court for good cause shown.

## XI. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material.

## XII. CLAWBACK OF PRIVILEGED MATERIAL

      A.      The production of any Discovery Material in the Action, whether inadvertent or otherwise, shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no Producing Party shall have waived any claims or arguments under the inadvertent production doctrine. If a Producing Party believes that Privileged Material has been produced inadvertently, it shall promptly notify in writing the Receiving Parties of the claim of privilege. Upon such notice, the Receiving Parties, regardless of whether they deem the claim meritorious, shall promptly: (1) use reasonable efforts to locate and destroy all copies of the material in their possession, custody or control and notify the Producing Party that they have done so; and (2) take all reasonable steps to retrieve and destroy

the inadvertently produced material or documents from other persons, if any, to whom such documents or materials were distributed in accord with Rule 26(b)(5)(B). Nothing in this Section shall be construed to limit any Party's ability to challenge another Party's assertion of privilege.

      B.      If, during a deposition, a Party claims that a document being used in the deposition (*e.g.,* marked as an exhibit, shown to the witness, or made the subject of examination) is subject to attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, it may at its sole election, (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work product-protected status. If there is a dispute about the assertion of privilege, the Parties shall promptly meet and confer and bring the dispute to the Court's attention. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material.

      C.      Except as otherwise provided herein, the provisions of Federal Rule of Evidence 502 shall apply.

**XIII.   USE OF CONFIDENTIAL MATERIAL IN OPEN COURT**

In the event any Confidential Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such material.

XIV.    **LEGAL PROCESS**

If, at any time, any Confidential Material is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity, including any governmental agency, purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental agency, shall promptly give written notice to the Producing Party and include with such notice a copy of the subpoena or request.  Where notice is permitted by law and the rules, requirements, or requests of any relevant governmental agency, the person to whom the subpoena or request is directed shall not, absent a Court order to do so or as otherwise required by law, produce such Confidential Material without providing the Producing Party with a reasonable period of time in which to seek to quash, limit, or object to the subpoena or request, or to move for any protection for the Confidential Material.

For the avoidance of doubt, nothing herein shall require any Party to ignore or act in contempt of any court order or direction of any governmental entity or other self-regulatory organization.

XV.    **NON-PARTIES**

Any Party, in conducting discovery from Non-Parties in connection with the Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights, herein.  If a Non-Party provides Discovery Material to any Party in connection with the Action, the provisions of this Order shall apply to such Discovery Material as if such Discovery Material were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties.

## XVI. AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## XVII. NON-WAIVER

No Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

DATED: October 1, 2021  Respectfully submitted,

By: */s/ Kenneth J. Applebaum*
(e-signed with consent)

Kenneth J. Applebaum
Judith Z. Katz
Adam H. Brodsky
APPLEBAUM KATZ BRODSKY PLLC
112 West 34th Street, 18th Floor
New York, NY 10120
Telephone: (929) 352-1954
kapplebaum@akbpllc.com
jkatz@akbpllc.com
abrodsky@akbpllc.com

*Counsel for Plaintiff National Railroad Passenger Corporation (Amtrak)*


By: */s/ Denver G. Edwards*
(e-signed with consent)

Denver G. Edwards
BRADFORD EDWARDS &
VARLACK LLP
12 East 49th Street, 11th Floor
New York, NY 10017
Telephone: (917) 671-9407
dedwards@bradfordedwards.com

*Attorneys for Defendant JPMorgan Chase Bank, NA*

By: */s/ Timothy G. Cameron*

Timothy G. Cameron
Michael P. Addis
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Fax: (212) 474-3000
tcameron@cravath.com
maddis@cravath.com


Montague Allan Hyman
CERTILMAN BALIN ADLER &
HYMAN LLP
90 Merrick Avenue
East Meadow, New York 11554
Telephone: (516) 296-7075
ahyman@certilmanbalin.com


Caitlin J. Halligan
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 390-9000
challigan@selendygay.com

*Counsel for Defendant 260 Twelfth Avenue Holdings LLC*


**IT IS SO ORDERED.**

DATED:  October 4, 2021

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

15

# EXHIBIT A

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have reviewed the Protective Order in *National Railroad Passenger Corporation (AMTRAK) v. 78441 Square Feet More or Less of Land and Improvements et al.*, No. 1:21-cv-05810 (S.D.N.Y). I agree to be bound by the terms of the Protective Order. I understand that I am subject to sanctions for any violations of the Protective Order, including, but not limited to, being held in contempt of court.

Date: _____

Signature: _____

Printed Name: _____